**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAMEL KK ROY,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendants. | Case No. 2:12-cv-00863-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

　　　　Plaintiff Kamel KK Roy is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint (Dkt. #1) on May 23, 2012. This proceeding was referred to this court by Local Rule IB 1-9.

　　　　Although Plaintiff has submitted the affidavit required by § 1915(a), it is largely illegible and unintelligible at some points.  For example, although Plaintiff states he has received income from pensions, annuities, or life insurance proceeds, his description of those payments states, "X see [illegible] 25."  Additionally, Plaintiff lists Defendant Dr. Piyali Bhattacharyya as one of his dependents, though he has not fully answered the question about his relationship to this person or how much he contributes to this person's support each month.  Several of his responses are inconsistent.  In a note on the margin of page one, he writes that he is partly disabled and receives Supplemental Social Security Income in the amount of $580 per month.  However, in response to question 6, he states that he does not receive income from disability, Social Security or any other pension.  Accordingly, the court cannot determine whether Plaintiff qualifies to proceed in forma pauperis.

　　　　Plaintiff's Complaint contains the same deficiencies.  The court is normally not required to screen a complaint until in forma pauperis status is granted, but here, it is clear that amendment would be futile.  Federal courts are given the authority dismiss a case if the action is legally "frivolous or

malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff filed his Complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (*citing Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint does not state a federal claim. His Complaint is largely illegible and unintelligible. Plaintiff has not written the complaint in any particular order–i.e., top to bottom and left to right. Instead, it contains notations all over each page, some reading from top to bottom, others

reading from left to right, some snaking down and across the page, many of which are impossible to read.  The Complaint also contains several blank pages with numbers, the court, the date, and Plaintiff's initials on them.  Moreover, the legible content of the Complaint is delusional.  For example, Plaintiff refers to being "tax exempt" in the same notation he discusses an unnamed write-in GOP candidate in the 2008 presidential election.  He has attached bank account statements for a New York entity, called the Handicap Interests International World Religion Group; an article about former presidential candidate John McCain's qualification for office; a letter suspending Plaintiff from employment in 2009; and various articles from the internet concerning American leaders "hijacking" citizens' rights.  P

18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  As set forth above, Plaintiff has not set forth any legal claim, and the facts he alleges are delusional.  He has not stated any cognizable claim pursuant to 42 U.S.C. § 1983.  Additionally, Rule 8(e) of the Federal Rules of Civil Procedure states, "Each averment of a pleading shall be simple, concise, and direct."  Taken together, these rules emphasize the requirement that pleadings should be clear and brief.  Complaints should not be needlessly long, highly repetitive, or rambling.  Plaintiff's Complaint contains seventy-eight pages of rambling, unintelligible allegations, and it does not comply with the requirements of Rule 8.

Accordingly,

**IT IS ORDERED** the Clerk of Court shall file Plaintiff's Complaint *under seal* because it contains personal identifiers in violation of Special Order 108.

**IT IS RECOMMENDED:**

1.  Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) be DENIED.

2.  Plaintiff's Complaint be DISMISSED.

Dated this 7th day of June, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE